[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10391

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THOMAS A. GUERRIERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60317-BB-1

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas A. Guerriero appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] He argues that the district court was not bound by the "extraordinary and compelling" reasons listed in U.S.S.G. § 1B1.13. He acknowledges that we held otherwise in *United States v. Bryant*, 996 F.3d 1243 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021), but argues that *Bryant* did not consider his argument that the application note to U.S.S.G. § 1B1.13 constituted an unlawful sub-delegation of authority from the Sentencing Commission to the Federal Bureau of Prisons ("BOP"). The government, in turn, moves for summary affirmance and a stay of the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

---

[1] Guerriero is serving 151 months' imprisonment for conspiracy to commit wire and mail fraud.

[2] Decisions decided by the former Fifth Circuit before October 1, 1981, are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Generally, a court "may not modify a term of imprisonment once it has been imposed."    18 U.S.C. § 3582(c).    Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).[3]    Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13.    *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation omitted).    If the district court finds against the movant on any one of these requirements, it cannot grant relief,

___

[3] We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction.    *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).

and need not analyze the other requirements.  *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13.  Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons."  U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)).

In *Bryant*, we held that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13."  996 F.3d at 1262.  Furthermore, we held that although the catchall "other" extraordinary and compelling

reasons provision set forth in Application Note 1(D) gives discretion to the Director of the BOP to identify other qualifying reasons, it "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248, 1263–1265. In so holding, we specifically declined to address the contention that "a sub-delegation of the Commission's power to define extraordinary and compelling reasons to the BOP may be a problem as a matter of administrative law" because "no party ha[d] plainly and prominently raised the sub-delegation issue." *Id.* at 1264 n.6 (quotation omitted).

Under our prior-panel-precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by this Court sitting *en banc. See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998). Thus, we are bound by *Bryant*, and *Bryant* forecloses Guerriero's appeal. To be sure, the *Bryant* panel did not have the benefit of the particular sub-delegation argument that Guerriero raises here, but that makes no difference under the prior-panel-precedent rule. "We have held that a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel. . . . In short, we have categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quotations and internal citations omitted); *see also United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) ("The prior panel precedent rule applies regardless of whether the later panel believes the prior panel's

opinion to be correct, and *there is no exception to the rule where the prior panel failed to consider arguments raised before a later panel.*" (emphasis added)).    We have also noted that a prior decision's holding is the law of this Circuit "regardless of what might have happened had other arguments been made to the panel that decided the issue first." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000); *see also United States v. Moore*, 22 F.4th 1258, 1268–69 (11th Cir. 2022) (collecting cases).

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.